UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff,<br>v.<br><u>CHARLES PETTUS</u>         , Defendant. | Case Number CR 13-00559 RS (NC)<br><br><u>ORDER OF DETENTION PENDING<br>TRIAL</u> |

  In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court on August 21, 2013, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Defendant Pettus was present, represented by his attorney AFPD Geoffrey Hansen. The United States was represented by Assistant U.S. Attorney Natalie Lee. Pettus is charged by indictment with violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. He has pleaded not guilty and is presumed innocent of the charge.

  The detention hearing was held publicly. Both parties were advised of their opportunity to call witnesses and present evidence. Both parties were advised of their right to appeal this detention order to the District Court.

  Before the hearing, defendant objected to the government's use of proffers at the detention hearing and asked that the government be compelled to provide witness testimony, with an opportunity for the defendant to cross-examine and confront the witnesses and evidence presented in support of detention. Briefs in support of (dkt. 6) and against (dkt. 8) this objection were filed and considered by the Court. In sum, defendant argues that he has rights, under both the Due Process Clause of the Fifth Amendment and the Confrontation Clause of the Sixth Amendment, to confront witnesses and evidence asserted against him in connection with a detention hearing. In the alternative, defendant urges the Court to require live witnesses "as a matter of policy" and in its discretion in implementing the Bail Reform Act.

  The Court overruled the defendant's objection and permitted the government to present information through proffer at the detention hearing. As both parties acknowledged, the Bail Reform Act expressly permits a defendant to "present information by proffer or otherwise" at a detention hearing, but is silent as to whether the government may do the same. 18 U.S.C. § 3142(f). The Act, however, expressly relaxes the evidentiary rules applicable at detention hearings, providing that "rules concerning admissibility of evidence in criminal trials do not apply" to the presentation of information at the hearing.

The Ninth Circuit, in *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986), held that the government may proceed in a detention hearing by proffer or hearsay. *Winsor*, however, preceded the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), in which the Court explained a defendant's right to face and cross-examine witnesses at trial. Here, Pettus urges this Court to apply the reasoning of *Crawford* to detention hearings. Yet multiple magistrate judges in this district have previously rejected this argument. Following *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987), this Court finds that the Sixth Amendment does not create a right to confront witnesses at a detention hearing.

Finally, the Court assesses whether even if there is not a right under the Constitution, it still should compel the government to produce live witnesses at a detention hearing. The Court declines the invitation, finding that it is not supported by the Bail Reform Act. As the Court noted at the hearing, proceeding by government proffer can impact the weight given to the information presented. For example, here the government asserted prior arrests that did not result in charges being filed against Pettus. The Court gave no weight to these proffered arrests in its detention analysis. In a future, closer case, the government may determine it should call witnesses in support of detention.

**PART I. PRESUMPTIONS APPLICABLE**
/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

/ / There is probable cause based upon the criminal complaint to believe that the defendant has committed an offense
    A. ___ for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR
    B. ___ under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

/ X/ No presumption applies.

2

PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE
/ / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.
/ / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .
Thus, the burden of proof shifts back to the United States.

PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE) N/A

PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION
/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The Court adopts the facts set forth in the Pretrial Services Report prepared August 20, 2013, supplemented by information presented at the hearing. The following factors establish by more than clear and convincing evidence that Pettus is a danger and should be detained in order to assure the safety of the community. This 21-year old defendant has three felony convictions, current substance abuse issues, and absconded from parole supervision after a violence-related conviction. Pretrial Services determined he was not amenable to community supervision because of his poor track record on parole. Finally, the government alleged (not admitted by defendant) that he possessed a loaded firearm with an extended, 27-round clip at the time of his arrest, and that he fled to avoid arrest. Considering all the evidence presented, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community. As to risk of non-appearance, the Court has concerns, but finds that those concerns could be addressed by a combination of strict release conditions, as the defendant has family ties to this District and no history of travel outside the District.

Part V. Directions Regarding Detention
The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 23, 2013

NATHANAEL COUSINS
United States Magistrate Judge

AUSA X, ATTY X, PTS X

3