IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>   v.<br>CHARLES PETTUS,<br><br>          Defendant.<br>_____/ | No. CR-13-0559-RS<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR PRODUCTION OF SENTENCING TRANSCRIPT AND DOCKET SHEET AT GOVERNMENT EXPENSE** |

## I. INTRODUCTION

Pettus, a *pro se* prisoner, moves to proceed *in forma pauperis* for purposes of obtaining a transcript of his sentencing proceedings and copy of the docket sheet at the expense of the United States, pursuant to 28 U.S.C. Section 753(f), so that he may prepare a motion to vacate, set aside, or correct his sentence under 28 U.S.C. Section 2255.[1] Pettus attached to his motion for the transcript an affidavit detailing his financial state, and a draft (unfiled) motion under section 2255.  Because Pettus has not yet filed his section 2255 motion, however, his motion for the transcript and docket sheet and his application to proceed in forma pauperis are premature.  Both are therefore denied without prejudice.

---

[1] Pettus separately requested the assistance of this Court in his letter dated August 11, 2014. (ECF No. 31).  As this Court is without jurisdiction to order the Bureau of Prisons to take any action concerning information already removed from Pettus's Pre-Sentence Report pursuant to a prior order, no further orders will be issued on this matter.

## II. DISCUSSION

According to 28 U.S.C. Section 753(f), "[f]ees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." This statutory language providing for the cost of transcripts "furnished *in* proceedings [emphasis added]" and requiring judicial certification of the suit's merit makes it clear that a request for a free transcript under section 753(f) prior to the filing of a section 2255 motion is premature. *See United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998); *Chapman v. United States*, 55 F.3d 390, 390 (8th Cir. 1995). While the Seventh Circuit has held that prisoners have an "absolute personal right to reasonable access to the pre-existing files and records of their underlying case," *Rush v. United States*, 559 F.2d 455, 458 (7th Cir. 1977), no other appellate court has adopted this reasoning. Further, the Eighth, Tenth, and Eleventh Circuits have all rejected it. *See Sistrunk v. United States*, (992 F.2d 258, 259-60 (10th Cir. 1993); *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992); *United States v. Losing*, 584 F.2d 289, 291 (8th Cir. 1978). Although Pettus attaches a draft of the section 2255 motion he is "in the process of developing" (ECF No. 32) to his motion for the transcript, that he has not actually filed any 2255 motion demands that his motion for the transcript and docket sheet be denied at this stage.

In addition, a successful motion under section 753(f) would require Pettus to meet 28 U.S.C. Section 1915's requirements for proceeding in forma pauperis. *See Maloney v. E.I. DuPont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967). In stating that "[a]ny court of the United States may authorize the *commencement, prosecution or defense* of any *suit* . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor [emphasis added]," section 1915(a)(1) does not authorize a litigant to proceed in forma pauperis where the request is not tethered to a pending action. As discussed above, Pettus currently has no section 2255 motion, or any other action, pending. Thus, his application to proceed in forma pauperis must be denied.

Pettus does, however, provide an affidavit demonstrating his inability to pay fees or costs, as required by section 1915(a)(1). (ECF No. 32). Of note, any future application by Pettus to proceed in forma pauperis will also be subject to 28 U.S.C. Section 1915(a)(2)'s requirement that prisoners file, along with the affidavit described in section 1915(a)(1), a "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

Even if Pettus had filed his draft section 2255 motion and proved his inability to pay litigation-related costs, his section 753(f) motion would still fail because section 1915 further requires an in forma pauperis litigant "to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A court may deny in forma pauperis status if it appears from the face of the proposed complaint that the action is frivolous or without merit. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). While the Court is obliged to give a petitioner's pro se allegations, however unartfully pleaded, a liberal construction, *see Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980), even pro se claims under section 1915 must allege some minimum level of factual support. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (noting that the standard for dismissal for failure to state a claim under section 1915 is synonymous with that under Federal Rule of Civil Procedure 12(b)(6)); *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989); *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988) (district court should not be put in the position to "invent factual scenarios that cannot be reasonably inferred from the pleadings").

Pettus's section 2255 motion, as drafted, would succumb to dismissal under section 1915(e)(2)(B)(ii) because it avers no specific facts to support its sole stated allegation, "ineffective assistance of counsel." (ECF No. 32). And without section 1915 in forma pauperis status, Pettus's section 753(f) motion for the transcript could not go forward.

Pettus's draft section 2255 motion, if filed, would likewise fail to meet section 753(f)'s requirement that Pettus show his ineffective assistance of counsel claim is "not frivolous" and that

the sentencing transcript "is needed to decide the issue presented." The Supreme Court has declared that a "naked allegation of ineffective assistance of counsel" is insufficient to "convince the district court that such claim is not frivolous." *United States v. MacCollom*, 426 U.S. 317, 326-27 (1976). Pettus would have to assert facts indicating a violation of his Sixth Amendment rights in order to convince this Court that access to a free transcript of the sentencing proceeding is in order.[2]

## IV. CONCLUSION

For the aforementioned reasons, both Pettus's application to proceed in forma pauperis and his motion for a transcript of his sentencing proceedings and copy of the case docket sheet at the expense of the United States are denied without prejudice.

IT IS SO ORDERED.

Dated: 8/28/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] Other district courts have suggested that a section 2255 litigant moving for a free transcript under section 753(f) must assert some "specific error" that the transcript will demonstrate, *Route v. Blackburn*, 498 F.Supp. 875, 877 (M.D. La. 1980), or "state a claim of constitutional dimension" and "specify with sufficient clarity portions of the proceedings questioned," *Bozeman v. United States*, 354 F.Supp. 1262, 1264 (E.D. Va. 1973), as a mere desire to "comb" the record for flaws does not merit access to a free transcript, *United States v. Shoaf*, 341 F.2d 832 (4th Cir. 1964).